FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 30  PM 2: 25

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT WHITE AND**  **CIVIL ACTION**
**ROSILAND WHITE**  **NO. 06-8597**

**VERSUS**

**STATE FARM INSURANCE COMPANY, et. al.**  **SECTION M**

## ORDER

Before the Court is Plaintiffs' Motion to Remand which is opposed by the Defendants, and which came for hearing on the briefs on January 17, 2007. After consideration of the Motion, the opposition, and the applicable law, the Court denies the Motion.

Robert and Rosiland White own a home located at 957 Florissant Hwy, St. Bernard, Louisiana. They purchased a homeowners insurance policy from Robert Eisenbraun, a licensed agent for State Farm Fire and Casualty Company (State Farm), for their home. The Whites allege that Eisenbraun, as agent, "advised and recommended various policies, limits, and deductibles." at the time they purchased their insurance.

On August 29, 2005, Hurricane Katrina allegedly caused their home to "implode and be destroyed from violent wind storms." State Farm denied their claim and that

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

they have "received checks worth a total of $9,137.64, despite their property being destroyed."

The Whites brought suit against State Farm on August 28, 2006, in the 34th Judicial District Court in St. Bernard Parish, seeking damages from both Eisenbraun and State Farm. State Farm removed the action to this Court, and the Whites now seek a remand to state court.

In their petition, the Whites alleged that Eisenbraun "was negligent in the following particulars: 1) Failed to properly and accurately advise plaintiffs of applicable exclusions in their policy; 2) Failed to provide plaintiffs with a copy of their policy and explain the applicable exclusions; 3) Failed to provide plaintiffs with enough coverage to protect the total value of plaintiffs' property; and 5) Failed to notify State Farm Insurance Company as the agent for plaintiffs that their home was located in an area susceptible to high winds and that their home should not be denied as a rule like the flooded homes being denied in the Meraux, Chalmette and Arabi areas of St. Bernard Parish." (Paragraph VIII of Petition)

Eisenbraun's affidavit states that he procured a homeowner's policy for the Whites which became effective March 27, 1986, and that he retired October 31, 2005. While Eisenbraun's affidavit does not affirmatively deny that he had recent contact with the plaintiffs, the Whites bring no evidence that they had any recent conversations with Eisenbraun about procuring additional insurance coverage, nor does their petition allege that they ever requested Eisenbraun to procure additional insurance. Their

2

allegations of negligence against him regard State Farm's administration of their claim, rather than his failure to procure proper coverage. Because their Petition for Damages does not state a viable cause of action against Eisenbraun, he was improperly joined. As such, the motion for remand must be **DENIED.**

New Orleans, Louisiana, this 29th day of January, 2007.

Peter Beer
United States District Judge